**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY PENSION FUND; and AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY WELFARE FUND, <br><br> Plaintiffs, <br><br> vs. <br><br> DAIMLER TRUCKS NORTH AMERICA, LLC, A Delaware Limited Liability Company, <br><br> Defendant. | CASE NO: 18-cv-5982 <br><br> JUDGE: <br><br> MAGISTRATE JUDGE: |

**COMPLAINT**

NOW COME the Plaintiffs, the AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY PENSION FUND ("PENSION FUND"), and AUTOMOBILE MECHANICS' LOCAL No. 701 UNION AND INDUSTRY WELFARE FUND ("WELFARE FUND"), by and through their attorneys, JOHNSON & KROL, LLC, complaining of the Defendant, DAIMLER TRUCKS NORTH AMERICA, LLC ("DAIMLER TRUCKS"), and in support allege as follows:

**JURISDICTION AND VENUE**

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA"). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§ 1132 and 1145.

2. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA (29 U.S.C. § 1132(e)(2)) in that the PENSION FUND and WELFARE FUND are administered at 361 S. Frontage Road, Suite 100, Burr Ridge, Illinois 60527 and pursuant to 28 U.S.C. §

1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

3. The PENSION FUND and WELFARE FUND receive contributions from numerous employers pursuant to various collective bargaining agreements between the employers and the Automobile Mechanics' Local 701, International Association of Machinists and Space Workers, AFL-CIO, of Chicago and vicinity ("UNION"), and therefore are multi-employer plans under 29 U.S.C. §1002.

4. Pursuant to 29 U.S.C. §§ 1132(a)(3) and 1145, the PENSION FUND and WELFARE FUND are authorized to bring this action on behalf of their participants and beneficiaries to enforce a collective bargaining agreement.

5. During the time period relevant to the instant matter, the UNION was the bargaining representative of Defendant DAIMLER TRUCKS' bargaining unit employees.

6. The Defendant is a Delaware limited liability company with its principal place of business located in Portland, Oregon.

## FACTS COMMON TO ALL COUNTS

7. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-6 of this Complaint with the same force and effect as if fully set forth herein.

8. DAIMLER TRUCKS is an employer engaged in an industry affecting commerce which agreed to be bound by the terms of a Collective Bargaining Agreement ("CBA"). (A copy of the CBA is attached hereto as Exhibit 1).

9. In or around December 2017, DAIMLER TRUCKS executed an Agreement to extend the terms of the CBA through March 31, 2018 (hereinafter referred to as the "Extension Agreement"). (A copy of the Extension Agreement is attached hereto as Exhibit 2).

10. In May 2009, DAIMLER TRUCKS executed Participation Agreements with both the PENSION FUND and WELFARE FUND. (Copies of the Participation Agreements are attached hereto as Exhibit 3).

11. Through the CBA and Participation Agreements, DAIMLER TRUCKS agreed to be bound by the provisions of the Agreements and Declarations of Trust which created the PENSION FUND and WELFARE FUND (hereinafter referred to as the "Trust Agreements").

12. Pursuant to the provisions of the CBA and the Trust Agreements, Defendant DAIMLER TRUCKS was required to make monthly reports of the number of weeks worked by Covered Employees and pay contributions to the PENSION FUND and WELFARE FUND for each week that a Covered Employee performs any work at the negotiated rate set forth in the CBA. The monthly reports and contributions during all relevant times were due on or before the 10th day of the calendar month following the calendar month during which the work was performed.

13. Pursuant to Section 502(g)(2) of ERISA, and the provisions of the CBA and the Trust Agreements, employers who fail to submit their monthly reports and contributions to the PENSION FUND and/or WELFARE FUND on a timely basis are responsible for the payment of liquidated damages equal to 10% of the amount unpaid, plus interest and any reasonable attorney's fees and costs of maintaining suit.

14. DAIMLER TRUCKS closed its Chicago, Illinois location on or before March 31, 2018.

## COUNT I
## BREACH OF CONTRACT – CONTRIBUTIONS OWED TO THE PENSION FUND

15. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-14 of this Complaint with the same force and effect as if fully set forth herein.

16. Pursuant to Article 17(b) of the CBA to which DAIMLER TRUCKS is bound, DAIMLER TRUCKS is obligated to pay weekly contributions to the PENSION FUND on behalf of its bargaining-unit employees that are "absent because of non-occupational illness or injury…for a maximum period of eight (8) weeks." (Exhibit 1).

17. Pursuant to Article 17(c) of the CBA to which DAIMLER TRUCKS is bound, DAIMLER TRUCKS is obligated to pay weekly contributions to the PENISON FUND on behalf of its bargaining-unit employees that are "absent because of occupational illness or injury…until the employee is able to return to work or for a period of twenty-six (26) weeks, whichever period is shorter." (Exhibit 1).

18. Prior to November 30, 2017, the following bargaining-unit employees each sustained an injury or illness which prevented them working as follows:

| Employee's Initials: | First Day Off Due to Injury/Illness: | Type of Injury/Illness: |
|---|---|---|
| HL | 7/10/2017 | Occupational |
| FM | 6/16/2017 | Occupational |
| RV | 11/21/2017 | Non-Occupational |
| AS | 11/6/2017 | Occupational |

19. When the employees listed in paragraph 18 above went on leave, the terms of the CBA were not modified by the Extension Agreement.

20. Employee "HL" returned to employment on December 12, 2017.

4

21. On behalf of Employee "HL," DAIMLER TRUCKS was obligated to pay contributions totaling $269.00 to the PENSION FUND for the week ending December 9, 2017 pursuant to Article 17(c) of the CBA, but refused to do so.

22. Employee "FM" did not return to employment following his injury/illness.

23. On behalf of Employee "FM," DAIMLER TRUCKS was obligated to pay contributions totaling $538.00 to the PENSION FUND for the weeks ending December 9, 2017 and December 16, 2017 pursuant to Article 17(c) of the CBA, but refused to do so.

24. Employee "RV" did not return to employment following his injury/illness.

25. On behalf of Employee "RV," DAIMLER TRUCKS was obligated to pay contributions totaling $1,658.00 to the PENSION FUND for the weeks ending December 9, 2017, December 16, 2017, December 23, 2017, December 30, 2017, January 6, 2018, January 13, 2018, January 20, 2018 and January 27, 2018 pursuant to Article 17(b) of the CBA, but refused to do so.

26. Employee "AS" returned to employment on March 8, 2018.

27. On behalf of Employee "AS," DAIMLER TRUCKS was obligated to pay contributions totaling $2,822.00 to the PENSION FUND for the weeks ending December 9, 2017, December 16, 2017, December 23, 2017, December 30, 2017, January 6, 2018, January 13, 2018, January 20, 2018, January 27, 2018, February 3, 2018, February 10, 2018, February 17, 2018, February 24, 2018 and March 3, 2018 pursuant to Article 17(c) of the CBA, but refused to do so.

28. During the period of December 1, 2017 through March 31, 2018, DAIMLER TRUCKS failed to pay the aggregate amount of $5,287.00 in contributions owed to the PENSION

        FUND on behalf of four (4) of its bargaining-unit employees who each sustained an injury/illness prior to November 30, 2017.

29.     As a result of DAIMLER TRUCKS' failure to timely pay contributions to the PENSION FUND during the period of December 1, 2007 through March 31, 2018, DAIMLER TRUCKS owes liquidated damages in the aggregate amount of $528.70 and interest in the aggregate amount of $222.84 to the PENSION FUND, plus any additional interest that may accrue.

30.     The Plaintiffs have complied with all conditions precedent in bringing this suit.

31.     Defendant DAIMLER TRUCKS is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the CBA, Trust Agreements and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE,** Plaintiffs respectfully request the following relief:

A.     That Judgment be entered in favor of Plaintiffs and against Defendant DAIMLER TRUCKS in the aggregate amount of $5,287.00 in contributions owed to the PENSION FUND on behalf of four (4) of its bargaining-unit employees who were on leave due to injury or illness on or before November 30, 2017;

B.     That Judgment be entered in favor of Plaintiffs and against Defendant DAIMLER TRUCKS in the aggregate amount of $528.70 for unpaid liquated damages and interest in the aggregate amount of $222.84, plus any additional interest that may accrue;

C.     That Defendant DAIMLER TRUCKS be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the CBA, Trust Agreements and 29 U.S.C. § 1132(g)(2)(D); and

D.     That Plaintiffs have such other and further relief as the Court may deem just and equitable all at Defendant DAIMLER TRUCKS' cost, pursuant to 29 U.S.C. §1132(g)(2)(E).

**COUNT II**
**BREACH OF CONTRACT – CONTRIBUTIONS OWED TO THE WELFARE FUND**

32. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-31 of this Complaint with the same force and effect as if fully set forth herein.

33. Effective September 30, 2012, DAIMLER TRUCKS' weekly contribution rate for the WELFARE FUND decreased pursuant to the terms of the PENSION FUND's 2012 Rehabilitation Plan (the "Rehabilitation Plan"), which is incorporated by reference pursuant to the terms of the CBA to which DAIMLER TRUCKS is bound. (A copy of the Rehabilitation Plan is attached hereto as Exhibit 4); (Exhibit 1).

34. Pursuant to Article 16 of the CBA to which DAIMLER TRUCKS is bound, DAIMLER TRUCKS adopted "the 2012 Preferred Schedule which includes a $75.00 decrease in the Welfare Fund weekly contribution rates and a corresponding $75.00 increase in the Pension Fund weekly contribution rates." (Exhibits 1 and 4).

35. The Rehabilitation Plan states in relevant part that "the $75 increase in the Pension Fund contribution rate is conditioned upon an ongoing prospective reallocation of an equal amount of contributions to the Welfare Fund to the Pension Fund by the bargaining parties." (Exhibit 4).

36. This so-called $75.00 "swap" set forth in the terms of the CBA and Rehabilitation Plan resulted in DAIMLER TRUCKS' obligation to pay $75.00 in additional contributions that would have otherwise been payable to the WELFARE FUND to the PENSION FUND instead.

7

37. Following its withdrawal from the PENSION FUND effective November 30, 2017, DAIMLER TRUCKS ceased contributing to the PENSION FUND during the period of December 1, 2017 through March 31, 2018.

38. During the period of December 1, 2017 through March 31, 2018, DAIMLER TRUCKS continued to remit contributions to the WELFARE FUND on behalf of its bargaining-unit employees at the reduced weekly "swap" rate, even though it was no longer contributing to the PENSION FUND.

39. As a result of DAIMLER TRUCKS' failure to remit contributions to the WELFARE FUND at the weekly "full" rate during the period of December 1, 2017 through March 31, 2018, DAIMLER TRUCKS owes the WELFARE FUND contribution underpayments in the aggregate amount of $54,112.00.

40. As a result of DAIMLER TRUCKS' failure to timely pay contributions to the WELFARE FUND during the period of December 1, 2007 through March 31, 2018, DAIMLER TRUCKS owes liquidated damages in the aggregate amount of $7,444.00 and interest in the aggregate amount of $2,167.54 to the WELFARE FUND, plus any additional interest that may accrue.

41. The Plaintiffs have complied with all conditions precedent in bringing this suit.

42. Defendant DAIMLER TRUCKS is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the CBA, Trust Agreements and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE,** Plaintiffs respectfully request the following relief:

A. That Judgment be entered in favor of Plaintiffs and against Defendant DAIMLER

TRUCKS in the aggregate amount of $54,112.00 in contributions owed to the WELFARE FUND for the period of December 1, 2017 through March 31, 2018;

B. That Judgment be entered in favor of Plaintiffs and against Defendant DAIMLER TRUCKS in the aggregate amount of $7,444.00 for unpaid liquated damages and interest in the aggregate amount of $2,167.54, plus any additional interest that may accrue;

C. That Defendant DAIMLER TRUCKS be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the CBA, Trust Agreements and 29 U.S.C. § 1132(g)(2)(D); and

D. That Plaintiffs have such other and further relief as the Court may deem just and equitable all at Defendant DAIMLER TRUCKS' cost, pursuant to 29 U.S.C. §1132(g)(2)(E).

        Respectfully Submitted,

        **AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY PENSION FUND,** *et al.*

By:    /s/ Nicollette L. Khuans - 6320914
        One of Plaintiffs' Attorneys

Nicollette L. Khuans
JOHNSON & KROL, LLC
311 South Wacker Drive, Suite 1050
Chicago, Illinois 60606
(312) 372-8587